JOHN L. JONES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jones v. Commissioner
Docket No. 14618-79.
United States Tax Court
T.C. Memo 1980-503; 1980 Tax Ct. Memo LEXIS 82; 41 T.C.M. (CCH) 353; T.C.M. (RIA) 80503; November 12, 1980, Filed John L. Jones, pro se. Rose A. Mendes, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a net deficiency of $1,965.34 [1] in petitioner's income tax for the taxable year ended December 31, 1977, and an addition to tax of $98.27 under section 6653(a). [2]
Some of the facts have been stipulated and are found accordingly. Petitioner resided in Cincinnati, Ohio, at *83 the time he filed his petition herein. For the taxable year 1977, petitioner filed a Form 1040, in which he showed income of $23,267.77, representing wages, salaries, etc. He took a single deduction in precisely the same amount, which he labeled "WAGES, PAID IN DEPRECIATED BANK NOTES." In his petition, petitioner petitioner asserts the statute of limitations. This contention is without merit. The statute of limitations with respect to the taxable year 1977 does not expire until three years after April 15, 1978, the due date of the return for that taxable year. Section 6501. The notice of deficiency herein was issued on July 16, 1979, well within that period. In his petition, petitioner also asserts a variety of constitutional, legal, and economic arguments. When the case was called for trial, petitioner made it clear that the foundation of his position was his allegation in his petition that he had failed "to earn 'Dollars' as defined by the U.S. Constitution." The Court made clear to petitioner on the record, and reiterates, that his asserted defenses against the respondent's deficiency notice are totally without merit and frivolous. They have been frequently considered *84 and rejected by the courts, and we see no purpose to be served in regurgitating the foundations of those decisions. Indeed, the taxpaying public is entitled to better use of the judicial resources for which they pay. Petitioner has the burden of proof both as to the underlying deficiency and the addition to tax. See Rule 142, Tax Court Rules of Practice and Procedure. Such being the case and since petitioner's legal, etc., arguments are without merit, it is clear that respondent's determination should be sustained. [2]
*85 Decision will be entered for the respondent.
Footnotes
1. The statutory notice set forth a statutory deficiency of $6,690.08 and noted that $4,724.74 had been withheld from petitioner's wages, which had not been refunded, thereby producing a net deficiency of $1,965.34. On or about September 15, 1980, as September 26, 1980, petitioner served requests for admissions on respondent. Since the case was calendared for trial on September 29, 1980, these requests were clearly untimely, to say nothing of the fact that the matters covered thereby were clearly not relevant to the subject matter of the case. The matters contained in the proposed stipulation of facts presented to respondent by petitioner on or about September 29, 1980, were similarly irrelevant. See Rules 70(a)(2) and (b) and 90(a), Tax Court Rules of Practice and Procedure. Under these circumstances, the Court ruled, at the time the case was called for trial, that respondent was under no obligation to respond in any degree to either the requests for admissions or the proposed stipulation of facts.
[2]↩ All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year at issue.